IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TIMOTHY R. FOX a/k/a ROBERT MARVIN FOX, JR., | : | |
| Plaintiff | : | |
| VS. | : | |
| Warden CYNTHIA NELSON, *et al.*, | : | NO. 1:06-CV-102 (WLS) |
| Defendants | : | **O R D E R** |

Plaintiff **TIMOTHY R. FOX a/k/a ROBERT MARVIN FOX, JR.**, an inmate at Autry State Prison ("ASP") in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the required initial partial filing fee of $25.85 as ordered by this Court on July 25, 2006.

## *1. BACKGROUND*

Plaintiff, a mental health patient, makes numerous, wide-ranging claims regarding his medical treatment at ASP since his arrival at that facility on March 30, 2006. Among plaintiff's allegations are that he has been denied several mental health medications and that officials are apparently threatening to place plaintiff in the general prison population. According to plaintiff, his previous placement in the general population resulted in his attempting to commit suicide on April 20, 2006. Plaintiff fears that he may do so again unless he is kept in the "quiet H-1" dorm and provided his medications.

Since filing his complaint, plaintiff has submitted an amended complaint (Tab # 12), four

1

motions to add defendants (Tab #s 5, 13-15), a motion for preliminary injunction and supporting memoranda (Tab #s 7-9, 17-22), a motion for an "emergency injunction rule nisi" (Tab # 10), affidavits from fellow prisoners (Tab #s 11 & 16), and a motion asking the Court to take custody of plaintiff's medical records (Tab # 6). His submissions collectively total over 100 pages.

Plaintiff originally named as defendants Autry State Prison; Medical College of Georgia; William Amideo (General Counsel for the Georgia Department of Corrections ("GDOC")), and Dr. James DeGroot (Director of Mental Health Services for the GDOC). Plaintiff additionally named the following ASP employees: Cynthia Nelson (Warden); Stacy Webb and Keith Jones (Deputy Warden); Dr. Drury; Leslie Lunney (Mental Health Director); Dr. Harrison (Clinical Director of Mental Health); Mr. McCaskill, Mr. Shivers, Mr. Thorton, and Ms. Tamargo (Mental Health Counselors); Dr. Saad; Mr. Rigsby (Administration); Cynthia Brown (Nurse Practitioner); Mr. Wilson (Counselor); and John and Jane Doe.

In his four motions to amend to add defendants, plaintiff seeks to include Mr. Bolton (Unit Manager and Grievance Coordinator); Mr. Walton (Mental Health Counselor); Mr. Nobles (Chief Counselor); Mr. Williams (H Building Counselor); and Dr. Johnson.

## II. ORDER TO FILE RECAST COMPLAINT

Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." The complaint and various amendments filed by plaintiff are anything but "short and plain." Based upon plaintiff's many allegations, his

attempts to add many defendants, and the sheer length of plaintiff's submissions, the Court concludes that plaintiff's complaint fails to comply with the requirements of Rule 8. The Eleventh Circuit Court of Appeals has held that district courts confronted by complaints of this nature, "quintessential 'shotgun' pleadings," "have the inherent authority to demand repleader sua sponte" so that the complaint complies with the requirement of Rule 8. *Magluta v. Samples*, 256 F.3d 1282, 1284 & n.3 (11th Cir.2001).

In light of the foregoing, the Court hereby **ORDERS** plaintiff to file a recast complaint in this case. The recast complaint shall take the place of and supercede the original complaint and all of plaintiff's affidavits, amendments, and the like. Plaintiff shall comply with the following guidelines in redrafting his complaint:

(1) The recast complaint shall consist of a completed new section 1983 form (attached to this order), along with <u>no more than twenty (20) additional pages</u>.[1] NO EXHIBITS shall be attached to the recast complaint, as such exhibits are in the nature of evidence, and it is improper to submit evidence at this stage of the proceeding. Nor should plaintiff submit any "affidavits."

(2) The recast complaint must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit. Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint.

(3) As to each defendant so named, plaintiff shall make brief factual recitations of the specific actions or omissions of said defendants (including dates, if possible) which allegedly were in violation of his constitutional rights. Plaintiff is encouraged to limit the number of defendants and causes of action set forth in the recast complaint so that he may easily comply with the page limitations imposed by this order.

---

[1] The Clerk is **DIRECTED** to attach a standard section 1983 complaint form to plaintiff's copy of this order.

(4) Plaintiff is instructed to supplement his complaint by describing with specificity how each of the complained of conditions apply to him **personally** and how **his** constitutional rights were violated. Plaintiff is instructed not to provide general allegations of conditions relative to all mentally ill inmates, but rather specific information relating to his own personal situation. A prisoner unassisted by counsel may not represent his fellow inmates in a class action. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates).

(5) In an effort to save plaintiff space for his valid claims, the Court notes that his grievance claims are not cognizable in a section 1983 action. In fact, the Eleventh Circuit Court of Appeals has held that a prisoner has no constitutional right to participate in prison grievance procedures and violations of such procedures do not give rise to a claim under section 1983. *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Thus, the denial of such procedures is not actionable under section 1983. In connection with each of his claims, plaintiff simply should state whether he has pursued the grievance procedure and, if so, provide the grievance number.

(6) Plaintiff is specifically instructed that he may not incorporate any portion of his original complaint and subsequent filings into the recast complaint by reference.

In light of the foregoing, it is hereby **RECOMMENDED** that all pending motions in this case, with the exception of plaintiff's motion for preliminary injunction (Tab # 7), be **DISMISSED**. Given plaintiff's past suicide attempt and allegations regarding prison officials' failure to provide plaintiff with medications and segregation from the general prison population, the Court will **HOLD IN ABEYANCE** plaintiff's motion for a preliminary injunction until after he submits his recast complaint.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after

being served a copy of this order.

Plaintiff shall be given twenty (20) days from his receipt of this order to submit said recast complaint to the Clerk of Court. If no response is timely received from plaintiff, the Court will presume that plaintiff wishes to have this case voluntarily dismissed and will dismiss the action, without prejudice. Plaintiff is advised that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so may result in dismissal of this case.

There shall be no service of process on any defendant until further order of the Court.

**SO ORDERED**, this 22nd day of August, 2006.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE