IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TIMOTHY R. FOX a/k/a ROBERT
MARVIN FOX, JR.,

    Plaintiff

v.

Warden CYNTHIA NELSON, et. al.,

    Respondents

1:06-CV-102 (WLS)

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge filed on August 23, 2006. (Doc. 23). It is recommended that Plaintiff's Motion to Amend/Correct Complaint (Doc. 5), Plaintiff's Motion for the Court to Take Custody of Plaintiff's Medical and Mental Health Records (Doc. 6), and Plaintiff's Motions to Amend/Correct Complaint (Docs. 13-15) be dismissed in light of the Magistrate Court's August 23, 2006 order ordering Plaintiff to file a recast complaint in this case. (Doc. 23). Petitioner filed his timely objection to this recommendation on September 1, 2006. (Doc. 28).

In the Recommendation, it was found that in his complaint, Plaintiff makes "numerous, wide-ranging claims regarding his medical treatment at [Autry State Prison] since his arrival at that facility on March 30, 2006." (Doc. 23). It was noted that Plaintiff alleges, *inter alia*, that "he has been denied several mental health medications and that officials are apparently threatening to place plaintiff in the general prison population." *Id.* It was further noted that Plaintiff alleges that his previous placement in the general population resulted in an April 20, 2006 suicide attempt. *Id.* It was found that since filing his complaint, Plaintiff has submitted: 1) an amended complaint (Doc. 12), 2) four motions to add defendants (Docs. 5, 13-15), 3) a motion for preliminary injunction (Docs. 7-9, 17-22), 4) a motion for an "emergency injunction rule nisi" (Doc. 10), 5) affidavits from fellow prisoners (Docs. 11, 16), and 6) a motion asking the Court to take custody of plaintiff's medical records. (Docs. 6, 23). Notably, Plaintiff's submissions collectively total over 100 pages. *See* Docket. It was further noted that while Plaintiff originally named as defendants Autry State Prison, Medical College of Georgia, William

1

Amideo, and Dr.

James DeGroot. He later named Cynthia Nelson, Stacy Webb, Keith Jones, Dr. Drury, Leslie Lunney, Dr. Harrison, Mr. McCaskill, Mr. Shivers, Mr. Thorton, Ms. Tamargo, Dr. Saad, Mr. Rigsby, Cynthia Brown, Mr. Wilson, John Doe, and Jane Doe as defendants. *See id.* Finally, it was found that in his motions to amend, Plaintiff seeks to include Mr. Bolton, Mr. Walton, Mr. Nobles, Mr. Williams, and Dr. Johnson as defendants herein. *Id.* In light of Plaintiff's numerous filings in connection with his complaint, it was found that Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8, which requires a civil complaint to set forth a "short and plain" statement of the claim. (Doc. 23). Plaintiff was therefore ordered to file a recast complaint. *Id.* In light of the Magistrate Judge's order, it was recommended that any pending motions filed in connection with the complaint ordered recast be dismissed, with the exception of Plainitff's motion for preliminary injunction which was recommended to be held in abeyance until the submission of Plaintiff's recast complaint. *Id.*

Plaintiff objects to: 1) the characterization of his complaint as a "shotgun pleading," 2) the finding that his complaint is not "short and plain" as required by the Federal Rules, and 3) the Magistrate Judge's order to recast his complaint. (Doc. 28). Without addressing the characterization of Plaintiff's complaint as a "shotgun pleading", as the Court finds the same immaterial to the Recommendation at issue, the Court finds that Plaintiff's complaint, when read alongside the numerous filings made in amendment thereto, is not "short and plain" as required by the Federal Rules. The Court further finds that the Magistrate Judge's order to recast his complaint does not effect any material prejudice on any claims that Plaintiff may raise, but rather clarifies the same to the mutual benefit of the Court and the parties. Accordingly, Plaintiff's objections to the Magistrate Judge's August 23, 2006 Order, and the Recommendation contained therein, are overruled.

Upon full review and consideration upon the record, the Court finds that said Recommendation (Doc. 23) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein. Accordingly, Plaintiff's Motion to Amend/Correct Complaint (Doc. 5), Plaintiff's Motion for the Court to Take Custody of Plaintiff's Medical and Mental Health Records (Doc. 6), and Plaintiff's Motions to

2

Amend/Correct Complaint (Docs. 13-15) are **DISMISSED**. Plaintiff is permitted to file a recast complaint which complies with the Magistrate Judge's August 23, 2006 Order within **twenty (20) days** of this Order, if he so chooses to file. Failure to comply with the Magistrate Judge's order and this Court's Order will result in the captioned case being dismissed.

  **SO ORDERED**, this __26th__ day of October, 2006.

              /s/W. Louis Sands
              **THE HONORABLE W. LOUIS SANDS,**
              **UNITED STATES DISTRICT COURT**