IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TIMOTHY R. FOX,                              :
                                             :
          Plaintiff                          :
                                             :
                                             :
VS.                                          :        **1 : 06-cv-102 (WLS)**
                                             :
CYNTHIA NELSON, et al.,                      :
                                             :
                                             :
          Defendants.                        :
_____

## RECOMMENDATION

Presently pending herein is plaintiff's Motion for the Entry of Default. The plaintiff filed

this action pursuant to 42 U.S.C. § 1983 on July 18, 2006, raising a multitude of allegations

against various defendants regarding his mental health treatment while confined at Autry State

Prison ("ASP"). Following a review of the plaintiff's claims and his multiple motions to amend,

the court directed the plaintiff to file a recast complaint on August 23, 2006. The plaintiff, after

filing numerous other motions, complied with this directive on November 27, 2006, and on

December 20, 2006, the court issued an order allowing the plaintiff's claims to proceed.

Plaintiff's Motion for Entry of Default, filed in regard to the defendants Nelson, Webb,

Jones, Rigsby, Tamargo, Saad, Amideo, DeGroot, Wilson, Nobles, Owens, Lewis, Hooper,

Garmon, and O'Neil, is based on these defendants' alleged failure to file an answer to the

plaintiff's recast complaint. However, inasmuch as these defendants timely filed a Motion for

More Definite Statement, and thereby satisfied the requirements of Federal Rule of Civil

Procedure 12(e), the entry of default against these defendants is not appropriate. Accordingly, it

is the recommendation of the undersigned that this motion be **DENIED**.

It is further recommended that plaintiff's "Motion to Stay Custody at Rutledge State Prison", in which he seeks an order keeping him imprisoned at Rutledge State Prison, be **DENIED**.  In order to obtain injunctive relief, the plaintiff must prove that:  (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.  Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (11th Cir. 1990).  Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.  Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the plaintiff's motion reveals no basis for the issuance of an injunctive order. The plaintiff has not established that he is entitled to injunctive relief or that no other relief is available to address his alleged injuries, having failed to identify any specific threat of constitutional violation or other behavior that merits the relief requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 24th of May, 2007.


  /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


asb