IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TIMOTHY R. FOX, :
:
      Plaintiff :
:
:
VS. : 1 : 06-CV-102 (WLS)
:
CYNTHIA NELSON, et al., :
:
:
      Defendants. :

**ORDER AND RECOMMENDATION**

Presently pending herein are motions for summary judgment filed on behalf of the defendants. The plaintiff filed this action pursuant to 42 U.S.C. § 1983 on July 18, 2006, raising a multitude of allegations against various defendants regarding his mental health treatment while confined at Autry State Prison ("ASP"). Following a review of the plaintiff's claims and his multiple motions to amend, the court directed the plaintiff to file a recast complaint on August 23, 2006. The plaintiff, after filing numerous other motions, complied with this directive on November 27, 2006, and on December 20, 2006, the court issued an order allowing the plaintiff's claims to proceed.

By order dated May 24, 2007, the undersigned granted the defendants' Motion for More Definite Statement and directed the plaintiff to file a concise, no more than ten (10) page statement of his claims, listing each defendant and his or her alleged wrongdoing against the plaintiff. On July 2, 2007, the plaintiff complied with the court's directives and filed a statement of his claims, listing each defendant and a concise statement of his allegations against him or her. To the extent that the plaintiff's More Definite Statement satisfied the requirements set out by

this court and did not add new claims, his case was allowed to proceed.

The court notes that in a decision issued on June 20, 2008, the Eleventh Circuit held that exhaustion of administrative remedies is a matter in abatement and should be raised, or treated as raised, in a motion to dismiss rather than motion for summary judgment. *Bryant v. Rich*, 2008 WL 2469405 (11th Cir. 2008). The undersigned will address the exhaustion issues raised herein accordingly.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). The plaintiff has failed to rebut the overall showing that he failed to fully exhaust his claims.

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Although the plaintiff refers to various grievances throughout all of his pleadings and motions herein, the plaintiff has not established that he fully pursued the grievance process in regard to the claims that remain pending in this case, to wit, that the defendants acted with deliberate indifference to his mental health condition by discontinuing certain medications, denying certain medications, and changing his mental health status level and treatment, all between March and June 2006. The defendants point to grievance

number 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, filed as an informal grievance by the plaintiff on July 7, 2006 and then as a formal grievance on July 24, 2006. In this grievance, the plaintiff states that he had been "denied necessary mental health treatment" for the last 45 days and that his problems were worsening. The warden reviewed this grievance and on August 18, 2006, denied relief, stating that plaintiff had "been seen by Mental Health several times in the last 30 days." Document 123-16, p. 3. The plaintiff appealed this denial on August 28, 2006, but dropped the grievance on October 5, 2006, prior to any final action being taken on the appeal. The plaintiff has neither provided the court with documentation concerning additional, relevant grievances filed nor established that he fully pursued grievance number 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. The plaintiff in fact admits that he dropped this grievance, stating that once he was transferred to Rutledge State Prison in September 2006, he received the treatment he thought necessary and was told by Internal Affairs personnel investigating the appeal that he could either drop the grievance or be given a statement that he had received all available relief. Plaintiff chose to drop the grievance. *See* Doc. 142-3, p. 20. Unlike the prisoner plaintiff in *Miller v. Tanner*, 196 F.3d 1190 (11th Cir. 1999), the plaintiff herein was not told unequivocally that he was prohibited from appealing the denial of his grievance. Rather, the plaintiff was provided with a choice between dropping the grievance and proceeding, although in regard to relief from the Department of Corrections, he was by then receiving the mental health care he apparently deemed appropriate. *See also Lofton v. Smith*, 2007 WL 142761 (S.D.Ga.) (Plaintiff was informed that his grievance was submitted outside of the time limits, there was no indication that the time limits should be waived, and that the grievance would be closed at the institutional level; plaintiff was not informed that appealing the denial of his grievance was prohibited or futile.).

      Moreover, this grievance had only been initiated but review was not completed at the time

3

the plaintiff filed his initial complaint herein, making his claims unexhausted as of the time the complaint was filed. *See Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."); *Higginbotham v. Carter*, 223 F.3d 1259 (11th Cir. 2000) (plaintiff was required to exhaust his administrative remedies before filing suit.).

Accordingly, it is the recommendation of the undersigned that the defendants' motions for summary judgment be **GRANTED** and the plaintiff's claims dismissed. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

Plaintiff's remaining pending motions are hereby **DENIED** as moot.

**SO ORDERED AND RECOMMENDED**, this 24th day of July, 2008.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb