**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

TIMOTHY R. FOX, :
:
      Plaintiff, :
:
v. : 1:06-CV-102 (WLS)
:
CYNTHIA NELSON, *et al*., :
:
      Defendants. :
:

**ORDER**

      Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge filed on July 24, 2008. (Doc. 193). It is recommended that Plaintiff's Complaint be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *Id*. Plaintiff filed a timely objection to the Report and Recommendation on August 7, 2008. (Doc. 194).

      In the Recommendation, Judge Hodge found that "[a]lthough the plaintiff refers to various grievances throughout all of his pleadings and motions herein, the plaintiff has not established that he fully pursued the grievance process in regard to the claims that remain pending in this case, to-wit: that the defendants acted with deliberate indifference to his mental health condition by discontinuing certain medications, denying certain medications, and changing his mental health status level and treatment." (Doc. 193). The only grievance that even appears to address the claims alleged in Plaintiff's Complaint is Grievance number 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, referenced in Defendants' Motion for Summary Judgment (Doc. 123). Judge Hodge found that Plaintiff voluntarily withdrew this grievance before a final decision was rendered on appeal, thus failing to fully exhaust available administrative remedies. (Doc. 193).

      In his objection, Plaintiff lodges several objections to Judge Hodge's Recommendations. (Doc. 194). First, Plaintiff alleges that neither of the Motions for Summary Judgment (Docs. 123, 163) raised the exhaustion issue; therefore, as Plaintiff sees it, Judge Hodge is "working as an advocate for Defense [*sic*]." *Id*. Second, attached to Plaintiff's Objection is what Plaintiff purports to be a grievance including complaints that the Grievance Coordinator and Warden

1

Jones reject grievances with little or no reasoning to support their decisions. *Id*. Finally, Plaintiff argues that he is not required to exhaust available administrative remedies if the same is futile. For the first time in his Objection, Plaintiff now alleges that the "Internal Affairs Investigator" told him "unambiguously . . . you drop it [(Plaintiff's grievance)] or I'm going to drop it for you with my statement saying you have received all relief D.O.C. has to give." *Id*.

Contrary to Plaintiff's contention, both Motions for Summary Judgment explicitly raised the issue of Plaintiff's failure to exhaust his administrative remedies. (Doc. 123, p. 12-15; Doc. 163, p. 9-10). It is unclear how the Informal Grievance Form attached to Plaintiff's Objection relates to the issues in this case. As noted by Judge Hodge, Plaintiff's pending claims in this case include: that defendants acted with deliberate indifference to his mental health condition by discontinuing certain medications, denying certain medications, and changing his mental health status level and treatment. (Doc. 193). Additionally, Plaintiff's Response to Defendants' Motions for Summary Judgment describes this particular grievance as one that Plaintiff "started filing." Upon a thorough review of the record, it appears that Plaintiff never actually filed the grievance attached to his Objection. The same is not signed or dated by a Counselor like the grievance forms included in the certified copy of Plaintiff's grievance records, attached to Defendants' Motion for Summary Judgment. (*See* Doc. 123, Exhibit L).

Plaintiff's contention that he was told "unambiguously" to drop his grievance appeal is not supported by the record. In Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 142) Plaintiff explains that after being transferred to Rutledge State Prison, he received the relief requested in grievance # 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, as he was "properly medicated and given excellent m/h treatment." (Doc. 142). Plaintiff also noted that the Internal Affairs Investigator explained that he could not personally change Plaintiff's medical health level, and that Plaintiff had received all relief that the Department of Corrections could provide. *Id*. Furthermore, the Internal Affairs Investigator notified Plaintiff that any additional relief he desired would have to be obtained through the court system. *Id*. Plaintiff's Response to Defendants' Motion describes the conclusion to the conversation quite differently than Plaintiff's Objection. Plaintiff stated that "he told me you can drop the grievance or I can write a report saying you have received all available relief." Therefore, Plaintiff chose to drop the grievance because he had "already received all available relief D.O.C. had to give." (Doc. 142).

2

For all of the above reasons, Plaintiff's Objections (Doc. 194) are **DENIED**.

Accordingly, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 193) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated and conclusions reached herein. Therefore, Defendants' Motions for Summary Judgment (Docs. 123, 163) are **GRANTED** and Plaintiff's claims are **DISMISSED**.

**SO ORDERED**,  this   5th   day of September, 2008.

    /s/W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**